UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JESSICA HUGHES,<br><br>  Plaintiff,<br><br>v.<br><br>ICARE FINANCIAL, INC. and JOHN DOES 1-10,<br><br>  Defendants. | Case No. 6:22-cv-00629 |

**COMPLAINT**

**NOW COMES** JESSICA HUGHES ("Plaintiff"), by and through her undersigned counsel, complaining of Defendant, ICARE FINANCIAL, INC., as follows:

**NATURE OF THE ACTION**

1. This is an action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.,* the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et seq.*, Invasion of Privacy, Intentional Infliction of Emotional Distress and Trespass to Chattels.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law TDCA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Western District of Texas, Defendant conducts business in the Western District of Texas, and a

1

substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

5. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Harker Heights, Texas.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. §392.001(1).

9. Defendant is a consumer financial organization operating across the United States.

10. Defendant maintains its principal place of business at 975 Cobb Place Boulevard North West #317, Kennesaw, Georgia 30144.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. §392.001(6) because it directly or indirectly engages in debt collection.

13. JOHN DOES 1-10 are third party vendors that Defendant utilizes to assist Defendant in the collection of debts by consumers. The identities of John Does are unknown to Plaintiff at this time and will be identified through discovery.

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number (254) XXX-8330.

15. At all times relevant, Plaintiff's number ending in 8330 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

17. Prior to the events giving rise to this action, in May of 2021, Plaintiff received dental work at Stone Haven Dental in Parker Heights, TX.

18. Plaintiff applied for and received financing from Defendant for said dental work.

19. Plaintiff paid payments to Defendant on the 3rd of the month for 2 months.

20. While Defendant was making her contractual payments as agreed, the Defendant routinely called her for payment reminders and payment collection.

21. Unfortunately, Plaintiff fell behind on her payments to Defendant and incurred a past due balance in or about August 2021 ("subject debt").

22. Thereafter, Defendant started placing collection calls, text messages, and e-mails to Plaintiff attempting to collect the subject debt.

23. Frustrated with the incessant telephone calls, in January 2022, Plaintiff answered a call from Defendant. During this call, Plaintiff advised Defendant to stop calling her cellular phone as she currently does not have the means to make a payment towards the subject debt.

24. Defendant's collections efforts were relentless and perverse and continued as many telephone calls as 8 per day.

25. In addition to the voluminous daily telephone calls, Defendant also received daily text messages from Defendant. Said text messages have threatened legal action on alleged theft of services.

26. Plaintiff again answered a call in February 2022, and reiterated her request to stop calling to Defendant.

27. Defendant has also contacted Plaintiff's husband and mother by telephone calls and text messages without her consent, disclosing the nature of the debt and causing Plaintiff immense embarrassment within her family.

28. Despite Plaintiff's requests that the collection calls cease, Defendant continued its collection calls, including calls from phone numbers 706-715-5375, 737-205-1210, 737-205-2915 and 737-204-2287.

29. From January 2022, through the present, Defendant placed no less than 75 collection calls to Plaintiff's cellular phone *after* Plaintiff requested that the collection calls cease.

30. In May 2022, due to Defendant's incessant collection calls, Plaintiff filed an Arbitration Demand with the American Arbitration Association. Despite receiving notice that Plaintiff had claims against Defendant, Defendant failed to appear and continued to place numerous calls to Plaintiff's cellular phone without her prior consent.

31. Because of Defendant's relentless and harassing collection efforts, Defendant was forced to purchase a robo-killer application to block Defendant's calls and has incurred monthly expenses to maintain the application.

32. Each time Plaintiff picked up and spoke with Defendant, she was met by a period of silence and required to say hello, prior to being connected to a live representative.

33. Defendant's incessant collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unwanted calls, increased risk of personal injury resulting from the distraction caused by the unwanted calls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular

telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

34. Moreover, each time Defendant placed a call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

35. Due to Defendant's refusal to honor Plaintiff's request that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

36. Plaintiff restates and reallages paragraphs 1 through 35 as fully set forth herein.

37. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

38. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

39. Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

40. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 75 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

41. As pled above, Plaintiff revoked consent to be called on her cellular phone on multiple occasions during answered calls.

42. As pled above, Plaintiff was harmed by Defendant's collection calls to her cellular phone.

43. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

44. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

45. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

46. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

47. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, JESSICA HUGHES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

    b. an award of $500.00 in damages to Plaintiff;

    c. an order enjoining Defendant from placing further calls to Plaintiff;

    d. an award of treble damages up to $1,500.00 to Plaintiff; and

e. an award of such other relief as this Honorable Court deems just and proper.

## COUNT II:
### Invasion of Privacy-Intrusion Upon Seclusion

48. Plaintiff restates and realleges paragraphs 1 through 47 as though fully set forth herein.

49. Defendant, through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

50. Defendant's persistent and unwanted autodialed phone calls and text messages to her cellular phone eliminated Plaintiff's right to be left alone.

51. Moreover, Defendant's behavior in continuously contacting Plaintiff at different times throughout the day was highly intrusive and invasive.

52. All of the calls made to Plaintiff's cellular phone was made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

53. The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

54. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff's workflow and work productivity, disrupted Plaintiff's mealtimes, and continually frustrated and annoyed Plaintiff into submission.

55. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home, work, and anywhere else Plaintiff went with her cellular phone.

56. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into paying the subject debt, Plaintiff had no reasonable escape from these incessant calls.

57. As detailed above, by persistently autodialing Plaintiff's cellular phone without her prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

58. Defendant's relentless collection conduct and tactic of repeatedly auto dialing Plaintiff's cellular phone after she requested that these calls cease on more than one occasions is highly offensive to a reasonable person.

59. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, Plaintiff, JESSICA HUGHES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff her reasonable attorney's fees & costs; and

e. Enjoining Defendant from contacting Plaintiff.

## COUNT III:
### Intentional Infliction of Emotional Distress

60. Plaintiff restates and realleges paragraphs 1 through 59 as though fully set forth herein.

61. To state a claim for intentional infliction of emotional distress, a Plaintiff must allege (1) the Defendant acted intentionally or recklessly; (2) the Defendant's conduct was extreme

and outrageous; (3) the conduct caused the Plaintiff emotional distress; and (4) the emotional distress was severe. *Hoffmann--La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).

62. Defendant knew that its relentless phone calls, texts, threats, and calls to Plaintiff's husband would inflict severe emotional distress on Plaintiff and Plaintiff's general well-being.

63. Defendant's conduct was beyond all possible bounds of decency, was atrocious and utterly intolerable in a civilized society.

64. Defendant knew or should have known that Plaintiff had revoked consent to be contacted by any means.

65. Defendant's conduct was designed to cause severe emotional distress to the Plaintiff.

66. Defendant intentionally caused Plaintiff's emotional distress by way of endless phone calls at all hours of the day, whether Plaintiff was at home or at work, in an attempt to coerce Plaintiff into making a payment.

67. Defendant's actions were designed to instill fear and emotional distress upon Plaintiff.

68. Defendant's intentional or reckless conduct caused severe emotional distress to Plaintiff.

69. Plaintiff suffered an extreme disabling emotional response to Defendant's conduct that resulted in exasperation of Plaintiff's stress and increased hypertension.

70. As stated above, Plaintiff has suffered damages from Defendant's extreme and outrageous conduct.

WHEREFORE, Plaintiff, JESSICA HUGHES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Enter judgment in her favor and against Defendant;

    b. Award Plaintiff her actual damages in an amount to be determined at evidentiary hearing;

    c. Award Plaintiff punitive damages in an amount to be determined at evidentiary hearing;

    d. Award any other relief this Honorable Court deems equitable and just.

## COUNT IV:
### Trespass to Personal Property

71. Plaintiff restates and realleges paragraphs 1 through 70 as though fully set forth herein.

72. Trespass to Personal Property is "an injury to, or interference with, possession, unlawfully, with or without the exercise of physical force." *Mountain States Tel. & Tel. Co. v. Vowell Constr. Co.*, 341 S.W.2d 148, 150 (Tex. 1960).

73. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.,* 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

74. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand,* 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.,* 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

75. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

76. Defendant interfered with Plaintiff's ability to use her cellular phone while it was in her possession.

77. Defendant bombarded Plaintiff with numerous calls, leaving her unable to use or possess her phone in the manner in which he wanted to.

78. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff stated that Defendant must cease contacting her.

79. Defendant caused damage to Plaintiff's phone, including, but not limited to, the wear and tear caused to her cellular telephone, the loss of battery charge, and the loss of battery life.

80. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with her possession of her cellular phone.

**WHEREFORE,** Plaintiff, JESSICA HUGHES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Enter judgment in her favor and against Defendant;
   b. Award Plaintiff her actual damages in an amount to be determined at evidentiary hearing;
   c. Award Plaintiff punitive damages in an amount to be determined at evidentiary hearing;
   d. Enjoining Defendant from contacting Plaintiff;
   e. Award any other relief this Honorable Court deems equitable and just.

## COUNT V – Violations of the Texas Debt Collection Act

### Tex. Fin. Code Ann. §392 *et seq.*

81. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

80. Tex. Fin. Code §392.301(a) states that "a debt collector may not use threats, coercion, or attempts to coerce that employ:

> (2) accusing falsely or threating to accuse falsely a person of fraud or any other crime; and
>
> (6) threatening to file a charge, complaint, or criminal action against a debtor when the debtor has not violated a criminal law."

81. Defendant knew or should have known that it could not threaten the Plaintiff or carry out legal action for theft of a service.

82. Based on this information, Defendant violated Tex. Fin. Code §392.301(a)(2) and (6) by threatening criminal legal action against the Plaintiff.

83. Section 392.302(4) of the Texas Finance Code prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

84. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

85. Moreover, Defendant also placed numerous calls to Plaintiff's family members disclosing personal and confidential information regarding Plaintiff and the subject debt.

86. Defendant's collection calls were made with the intent to harass Plaintiff and designed to pressure Plaintiff into making payment on the subject debt.

87. Section 392.304 of the Texas Finance Code prohibits a debt collector from using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer. Tex. Fin. Code Ann. §392.304(a)(19).

88. Defendant violated Tex. Fin. Code Ann. § 392.304(19) by creating a false sense of urgency for Plaintiff to pay the subject debt based on a statement that the subject debt would soon be classified as a theft of service and be escalated to the legal team.

89. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, JESSICA HUGHES, requests the following relief:

a. Finding that Defendant violated Tex. Fin. Code Ann. §§392.301, 392.302(4); and 392.304.
b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Awarding Plaintiff her reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and
e. Awarding any other relief as is deemed just and appropriate.

Respectfully submitted this 16th day of June, 2022

By: */s/ Marwan R. Daher*
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com